Corbett H. Williams (Bar No. 246458)
cwilliams@chwilliamslaw.com
**Law Offices of Corbett H. Williams**
24422 Avenida de la Carlota, Suite 370
Laguna Hills, California 92653
Telephone:  949.679.9909
Facsimile:   949.535.1031

Attorney for Plaintiff
DAVION LOUIS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVION LOUIS, an individual | Case No.:  2:24-cv-1941 |
| Plaintiff, | Assigned to: |
| v. | **COMPLAINT FOR:** |
| TPG FUNDING, LLC and DOES 1 through 5, inclusive, | 1. **BREACH OF CONTRACT;** <br> 2. **WAITING TIME PENALTIES; AND** <br> 3. **DECLARATORY RELIEF** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Page 1

Plaintiff DAVION LOUIS, alleges as follows:

## THE PARTIES

1. Plaintiff DAVION LOUIS ("PLAINTIFF") resides in, and is a citizen of the state of New Jersey.

2. Defendant TPG Funding, LLC ("TPG") is, on information and belief, an entity formed under the laws of the State of Delaware, with its principal place of business in Fort Worth, Texas. TPG maintains offices in Los Angeles, California and is a resident within the Central District of California.

3. PLAINTIFF is unaware of the true names and capacities, whether corporate or individual, or otherwise, of defendants named as DOES 1 though 5, inclusive. PLAINTIFF will seek leave of court to amend this complaint to state said defendants' true names and capacities when the same have been ascertained. PLAINTIFF is informed and believes and based on such information and belief, alleges that said fictitiously named defendants are responsible for the injuries and damages to PLAINTIFF as further alleged herein.

4. Defendants TPG and DOES 1 through 5, inclusive are hereinafter referred to collectively as "DEFENDANTS."

## JURISDICTION AND VENUE

5. The United States District Court for the Central District of California has Jurisdiction over the subject matter of this action under 28 U.S.C. Section 1332(a) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and because there is complete diversity of citizenship between the parties.

6. Venue is proper within the Central District of California under 28 U.S.C. Section 1391 because TPG is resident within this district.

## GENERAL ALLEGATIONS

7. PLAINTIFF was employed by DEFENDANTS in their offices in San Francisco, California from on or about August 3, 2020 until on or about November 18, 2022 as an Associate for the TPG Funding Group. During his employment,

PLAINTIFF was responsible for, among other things, creating fund marketing materials and communications with investors.

8. On or about July 27, 2022, PLAINTIFF and DEFENDANTS executed a separation agreement, under which DEFENDANTS agreed to pay PLAINTIFF consideration in the form of a cash payment, in exchange for a general release of claims ("Agreement").

9. On November 11, 2022, PLAINTIFF received an email from DEFENDANTS falsely accusing him of transmitting confidential information belonging to DEFENDANTS in breach of the Agreement. PLAINTIFF did not transmit any confidential information and DEFENDANTS have suffered no damage resulting from PLAINTIFF'S actions. Rather, DEFENDANTS have effectively stolen for themselves tens of thousands of dollars DEFENDANTS agreed to pay PLAINTIFF in exchange for a general release of claims.

10. DEFENDANTS further stated that despite the Agreement's requirement that a cash payment be made, DEFENDANTS would not be making that payment. DEFENDANTS cite "Section 3(d)" of the Agreement, a forfeiture provision, which purports to relieve DEFENDANTS of their obligation to pay any consideration to PLAINTIFF whatsoever.

11. PLAINTIFF contends that Section 3(d) of the Agreement is unlawful and unenforceable under California law because, among other things it is unconscionable.

12. The amount owing to PLAINTIFF constitutes wages under California law. *See e.g.*, *Battista v. Fed. Deposit Ins. Corp.*, 195 F.3d 1113, 1120 n. 8 (9th Cir.1999); *Triad Data Servs., Inc. v. Jackson*, 200 Cal.Rptr. 418 (1984) ("Vacation pay and severance pay constitute wages"); *Willig v. Exiqon, Inc.*, No. SA CV 11-399 DOC RNB, 2012 WL 10375, at *13 (C.D. Cal., Jan. 3, 2012) (holding that "severance pay constitutes wages under California Labor Code § 200 . . . .").

13. Accordingly, PLAINTIFF is entitled to recover both attorney's fees and penalties, inducing waiting time penalties, under Labor Code Section 203. *Willig*, at

*14 (holding that "because severance pay constitutes wages under the Labor Code, failure to pay severance amounts to a violation of § 201 that may trigger penalties for nonpayment under § 203."); Cal. Labor Code 218.5(a) (providing that "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.").

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)
## (By PLAINTIFF Against DEFENDANTS)

14. PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

15. As alleged hereinabove, PLAINTIFF and DEFENDANTS entered into the Agreement on or about July 27, 2022.

16. DEFENDANTS breached the Agreement by, among other things, failing to pay consideration owing to PLAINTIFF under the Agreement.

17. PLAINTIFF has performed all duties required of him under the Agreement. Alternatively, DEFENDANTS have waived or should be estopped from asserting lack of performance of those duties.

18. PLAINTIFF has suffered substantial monetary and other damages as the direct and proximate result of DEFENDANTS' breach of the Agreement.

19. As provided by California Labor Code Section 218.5(a), PLAINTIFF is entitled to recover all reasonable costs and attorney's fees incurred in the prosecution of this action for unpaid wages.

///

///

///

///

## SECOND CAUSE OF ACTION

## WAITING TIME PENALTIES

### (By PLAINTIFF Against DEFENDANTS)

20. PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

21. Because DEFENDANTS' breach of the Agreement constitutes a failure to pay wages under California law, PLAINTIFF is entitled to recover "waiting time" penalties as provided by California Labor Code Section 203 equal to his daily regular rate of pay for 30 days.

## THIRD CAUSE OF ACTION

## DECLARATORY RELIEF

### (By PLAINTIFF Against DEFENDANTS)

22. PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

23. California Code of Civil Procedure Section 1060 provides in part that "Any person interested . . . under a contract . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action . . . for a declaration of his or her rights and duties . . . arising under the instrument or contract."

24. An actual controversy exists between PLAINTIFF and DEFENDANTS regarding whether Section 3(d) of the Agreement is enforceable under California law.

25. Accordingly, PLAINTIFF seeks a declaration that Section 3(d) of the Agreement is unenforceable and void under California law.

////

////

////

////

Page 5

# **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS as follows:

1. For monetary damages;
2. Prejudgment interest;
3. Costs of Suit
4. Declaratory relief;
5. Reasonable attorneys' fees as provided by law;
6. All other relief the Court deems proper and appropriate.

Dated:   March 11, 2024          **Law Offices of Corbett H. Williams**

By: _____
/s/ Corbett H. Williams
Corbett H. Williams
Attorney for Plaintiff
DAVION LOUIS

## DEMAND FOR JURY TRIAL

Pursuant to Central District of California Local Rule 38-1, Plaintiff Davion Louis hereby demands a jury trial.

Dated:   March 11, 2024        **Law Offices of Corbett H. Williams**

By: /s/ Corbett H. Williams_____
Corbett H. Williams
Attorney for Plaintiff
DAVION LOUIS