UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVION LOUIS,<br><br>             Plaintiff,<br><br>     v.<br><br>TPG FUNDING, LLC, et al.,<br><br>             Defendants. | Case No.  24-cv-03011-JD<br><br>**ORDER RE ARBITRATION** |

Plaintiff Davion Louis filed a lawsuit against a former employer, defendants TPG Funding, LLC, TPG Inc., and Does 1-5 (collectively TPG), in connection with a "separation agreement" he and TPG executed in July 2022. Dkt. No. 12 (FAC) ¶ 9. Louis alleges that TPG breached the agreement by failing to pay him and falsely accusing him of "transmitting confidential information belonging to" TPG. *Id.* ¶¶ 10-11. He seeks damages for breach of contract, waiting-time penalties under California state law on the ground that the monies owed pursuant to the agreement were "wages," and a declaratory judgment that a "forfeiture provision" in the agreement is void and unenforceable. *Id.* ¶¶ 11, 13, 16-20, 22, 25-26.

After the case was transferred from the Central District of California, Dkt. No. 20, TPG moved to compel the arbitration of Louis's claims pursuant to an arbitration clause in the separation agreement, Dkt. No. 23. Louis timely opposed, Dkt. No. 34, and the Court took the matter under submission, Dkt. No. 36. Arbitration is denied.

**LEGAL STANDARDS**

The parties do not dispute the arbitration demand in the separation agreement is governed by the Federal Arbitration Act (FAA), Pub. L. No. 68-401, 43 Stat. 833. The Court has discussed the governing standards in prior orders, which are incorporated here. *See Louis v. Healthsource*

*Glob. Staffing, Inc.*, No. 22-cv-02436-JD, 2022 WL 4960666, at *2 (N.D. Cal. Oct. 3, 2022); *Williams v. Eaze Sols., Inc.*, 417 F. Supp. 3d 1233, 1238-39 (N.D. Cal. 2019). In pertinent part, "[u]nder Section 4 of the FAA, the Court's role 'is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue.'" *Rodriguez v. Twitter, Inc.*, 671 F. Supp. 3d 1028, 1031 (N.D. Cal. 2023) (quoting *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004)). "Unless the parties provide otherwise, the validity and scope of an agreement to arbitrate are determined by the Court," *id.*, and "state-law principles of contract formation and interpretation" apply, *Suski v. Coinbase, Inc.*, 55 F.4th 1227, 1230 (9th Cir. 2022), *aff'd by* 602 U.S. 143 (2024). "Any doubts about the scope of arbitrable issues should be decided in favor of arbitration." *Williams*, 417 F. Supp. 3d at 1239.

Under California law, "the mutual intention of the parties at the time the contract is formed governs the interpretation." *Hartford Cas. Ins. Co. v. Swift Dist., Inc.*, 59 Cal. 4th 277, 288 (2014) (quoting Cal. Civ. Code § 1636). To that end, the Court must "look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it." *Id.* (citation omitted); *see* Cal. Civ. Code § 1638 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve absurdity."). The Court considers "the clear and explicit meaning of the[] provisions, interpreted in their ordinary and popular sense, unless used by the parties in a technical sense or a special meaning is given to them by usage." *Hartford*, 59 Cal. 4th at 288 (cleaned up) (quoting *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 822 (1990)).

**DISCUSSION**

The arbitration clause of the separation agreement provides, Dkt. No. 23-1 at ECF 9:

> Any disputes between the Company and you arising out of or related to your employment with the Company, the termination of your employment thereof, or pay and benefits will be resolved in a binding arbitration. The venue of such arbitration will be in San Francisco County, California. Any disputes related to this Agreement are not included and can be adjudicated in a Court of Law or through alternative dispute resolution in the filing party's sole discretion.

Louis's claims plainly come within the scope of the "related to this Agreement" carveout to arbitration, as those words are understood "in their ordinary and popular sense." *Hartford*, 59

2

1   Cal. 4th at 288 (quotation omitted). "Agreement," as used in the arbitration clause, is
2   contractually defined to refer to the separation agreement, Dkt. No. 23-1 at ECF 4, and Louis's
3   claims are based on TPG's alleged breach of the separation agreement by refusing to pay certain
4   monies it provided for, FAC ¶¶ 9, 12, 15-21; *see* Dkt. No. 23-1 at ECF 5 (setting forth "Severance
5   Pay"). There is no doubt that a dispute over those unpaid monies "relate[s] to" the "Agreement"
6   since he is alleging a breach of, and seeking damages pursuant to, the "Agreement." Dkt. No. 23-
7   1 at ECF 9.

8       TPG's efforts to sidestep the plain language of the arbitration clause are unavailing. TPG
9   says that, because Louis's claims are based on allegations about improper data use, his
10  termination, and TPG's withholding of employment benefits, the claims are covered by the first
11  sentence in the arbitration clause. Dkt. No. 23 at 5. The problem for TPG is that this ignores the
12  plain text of the carveout and the language of the FAC's allegations. Moreover, TPG's focus on
13  whether there are "allegations" about his employment, *see* Dkt. No. 35 at 3 ("Plaintiff's FAC
14  makes affirmative allegations regarding his ongoing employment . . . ."), is misplaced. The salient
15  question is whether the complaint advances a "dispute[]" that is included in or carved out from the
16  general agreement to arbitrate, Dkt. No. 23-1 at ECF 9. That Louis contends the monies he was
17  owed under the agreement, and on which he seeks damages, are also "wages" under the California
18  Labor Code, FAC ¶¶ 12, 21-22, does not change the nature of that inquiry. TPG suggests that
19  construing the arbitration clause this way would "render[] illusory" Louis's promise to arbitrate
20  disputes "arising out of or related to" his employment. Dkt. No. 35 at 1. Not so, as there are a
21  significant number of employment- or pay-related disputes Louis could have had with TPG that
22  would having nothing to do with the separation agreement.

23      TPG also argues that the carveout "may" refer to disputes like the one set forth in Louis's
24  claim for declaratory relief -- i.e., disputes about the validity of the separation agreement itself or
25  portions thereof. *See* Dkt. No. 23 at 6; Dkt. No. 35 at 2, 4 n.1. The text of the agreement does not
26  say "[a]ny disputes related to this Agreement's validity." *See Williams*, 417 F. Supp. 3d at 1241
27  (arbitration clause providing that "any dispute, claim or controversy arising out of or relating to
28  this Agreement . . . or validity thereof"); *Cornet v. Twitter, Inc.*, No. 22-cv-06857-JD, 2023 WL

3

187498, at *2 (N.D. Cal. Jan. 13, 2023) (discussing cases where arbitration clauses contained delegation clauses that expressly or adequately made questions of validity arbitrable). The Court sees no good reason to add that limitation, and TPG certainly has not provided one. *See* Cal. Civ. Code § 1638 ("The language of a contract is to govern its interpretation, if the language is clear and explicit."). Moreover, on TPG's reading, it is not at all clear why even *that* dispute would not be covered by the first sentence in the arbitration clause, given that the separation agreement "sets forth the terms of . . . employment through the Transition Period." Dkt. No. 23-1 at ECF 4. At no point does TPG explain what it thinks *is* a dispute covered by the carveout, and the Court declines to read the carveout into superfluity. *See* Cal. Civ. Code § 1641 ("The whole of a contract is to be taken together, so as to give effect to every part.").

TPG mentions some cases for the proposition that "the inclusive language of the arbitration clause is unequivocally broader as a matter of law than the carveout." Dkt. No. 35 at 2-3. Maybe so, but it does not follow that the scope of the carveout should be restricted more severely and narrowly than "the meaning a layperson would ordinarily attach to it." *Hartford*, 59 Cal. 4th at 288 (citation omitted). Consequently, the "plain and ordinary" meaning of the carveout unambiguously captures the claims Louis alleges in his complaint, *id.* (citation omitted), and TPG has not advanced any persuasive basis for concluding otherwise.

## CONCLUSION

The motion to compel the arbitration of Louis's claims is denied. The parties are directed to file by April 8, 2025, a joint statement proposing a case-management schedule and identifying whether the parties wish to engage in private mediation or go through the Court's ADR process. If the parties elect for private mediation, the statement should also identify a mutually agreed-on private mediator.

**IT IS SO ORDERED.**

Dated: March 19, 2025

JAMES DONATO
United States District Judge